IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LEXISNEXIS COPLOGIC SOLUTIONS INC., | |
| Plaintiff, | Civil Action No. 1:24-cv-01836-MHC |
| v. | |
| DARNELL RANDALL and RANDALL MARKETING AND PUBLIC RELATIONS LLC, | JURY DEMANDED |
| Defendants. | |

**PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**

Defendants Darnell Randall and Randall Marketing and Public Relations LLC failed to timely answer Plaintiff's Complaint or otherwise defend this action, and the Clerk has entered default against both Defendants. Plaintiff now moves the Court for default judgment against Defendants under Rule 55(b).

**FACTS**

This is a lawsuit for trademark infringement, unfair competition, unjust enrichment, cybersquatting, and deceptive trade practices. *See* Doc. No. 1 ("Complaint"). Plaintiff brings seven claims total under the Lanham Act, Georgia common law, and the Georgia Uniform Deceptive Trade Practices Act. *See id.* ¶¶ 39-59. The Court has jurisdiction over the federal claims under 28 U.S.C. §§ 1331

1

and 1338, and 15 U.S.C. § 1121. *See id.* ¶ 2. It has supplemental jurisdiction over the state-law claims under 28 U.S.C. § 1367(a) because they form part of the same case or controversy. *See id.*

Plaintiff filed its Complaint on April 26, 2024. Shortly thereafter, the Clerk issued summonses for Defendants Darnell Randall and Randall Marketing and Public Relations LLC (together, "Defendants"). *See* Doc. Nos. 3-4; *see also* Doc. Nos. 17, 20. Plaintiff served the summonses and Complaint on Defendants on May 13, 2024, as shown on the returns of service filed with the Court. *See* Doc. Nos. 9-10; *see also* Doc. Nos. 17, 20 (noting that, when Plaintiff's process server served Defendants, Darnell Randall "answered the door with a pistol, after threatening to shoot me").

The deadline to serve an answer or other responsive pleading elapsed on June 3, 2024. *See* FED. R. CIV. P. 12(a)(1)(A)(i). Defendants filed an Answer on June 5, 2024, but did so without counsel. *See* Doc. No. 11; *see also* Doc. Nos. 17, 20. Accordingly, on June 14, 2024, the Court ordered Randall Marketing and Public Relations LLC ("Randall LLC") to notify the Clerk within 21 days of the name and contact information of its counsel, warning that failure to do so "could result in a default judgment being entered against" Randall LLC. *See* Doc. No. 12; *see also* Doc. Nos. 17, 20.

Randall LLC did not do so. Instead, after counsel for Plaintiff reminded Defendants of Randall LLC's deadline to notify the Court of its counsel, Darnell Randall responded: "I will be representing my company and you will not be granted a default judgment as to avoid my direct representation. We will challenge any attempts." *See* Doc. No. 17. After Plaintiff's counsel reiterated the Court's Order and noted that Randall LLC "may be held in default," Darnell Randall responded: "[I]f you must move toward litigation I will represent our team and proceed alone. They say a fool represents himself, so this should be an easy win for you, but at what cost?" *See id.* Because Randall LLC refused to hire counsel, Plaintiff filed a Motion for Entry of Default as to Randall LLC, which the Clerk entered on October 11, 2024. *See* Doc. No. 19.

Also on October 11, the Court struck Defendants' June 5, 2024 Answer in its entirety, giving Darnell Randall "one chance to replead" within fourteen days from the date of the Order. *See* Doc. No. 19 at 6-8. The Court warned Darnell Randall that his failure "to file an amended answer that complies with this Order could result in a default judgment being entered against" him. *Id.* at 9. Despite this Order, and Darnell Randall's knowledge of the Order and the ongoing lawsuit, *see* Doc. No. 20, Randall did not file an amended Answer, let alone a compliant one. Thus, Plaintiff filed a Motion for Entry of Default as to Darnell Randall, which the Clerk entered on November 13, 2024.

## ARGUMENT

Plaintiff is entitled to a default judgment on each of its seven claims. Plaintiff asks the Court to enter judgment and award the relief outlined below.

### I. Plaintiff is Entitled to Default Judgment on Each of its Claims

#### A. Federal and State Trademark Infringement, Unfair Competition, and Unjust Enrichment (Counts 1-5)

To show trademark infringement and unfair competition, a plaintiff must establish that (1) its mark has priority and (2) defendant's mark is likely to cause consumer confusion. *See PlayNation Play Sys., Inc. v. Velex Corp.*, 924 F.3d 1159, 1165 (11th Cir. 2019); *Lone Star Steakhouse & Saloon, Inc. v. Longhorn Steaks, Inc.*, 122 F.3d 1379, 1382 (11th Cir. 1997). This test governs claims under the Lanham Act, *see* 15 U.S.C. §§ 1114, 1125(a), as well as claims under Georgia common law, *see Angel Flight of Ga., Inc. v. Angel Flight Se., Inc.*, No. 1:03-CV-3620-JTC, 2006 WL 8444582, at *16-17 (N.D. Ga. Nov. 20, 2006); *see also Amstar Corp. v. Domino's Pizza, Inc.*, 615 F.2d 252, 258 (5th Cir.1980); *Jellibeans Inc. v. Skating Clubs of Ga., Inc.*, 716 F.2d 833, 839 (11th Cir. 1983). Plaintiff's Complaint alleges these facts, *see* Complaint ¶¶ 7-48, and Defendants have admitted them by defaulting, *see* FED. R. CIV. P. 8(b)(6). Plaintiff is therefore entitled to judgment on Counts 1-4.

As for Plaintiff's unjust-enrichment claim (Count 5), a plaintiff must show that defendant wrongfully obtained a benefit from the plaintiff which it ought to

4

compensate plaintiff for. *See Engram v. Engram*, 463 S.E.2d 12, 15 (Ga. 1995) (citing *Smith v. McClung*, 452 S.E.2d 229 (Ga. 1994)). The same allegations in the Complaint, which Defendants admitted by defaulting, establish these elements. *See* Complaint ¶¶ 7-38, 49-50. Plaintiff is therefore entitled to judgment on Count 5.

### B.  Federal Cybersquatting (Count 6)

To prevail on a claim for cybersquatting under the Lanham Act, a plaintiff must show that defendant registered, trafficked in, or used a domain name identical or confusingly similar to plaintiff's mark with a bad-faith intent to profit from that mark. *See Southern Grouts & Mortars, Inc. v. 3M Co.*, 575 F.3d 1235, 1243-44 (11th Cir. 2009) (citing 15 U.S.C. § 1125(d)(1)(A)); *Jysk Bed'N Linen v. Dutta-Roy*, 810 F.3d 767, 775 (11th Cir. 2015). Plaintiff's Complaint alleges these facts, which Defendants admitted by defaulting. *See* Complaint ¶¶ 7-38, 51-52. Plaintiff is thus entitled to judgment on Count 6.

### C.  Georgia Deceptive Trade Practices Act (Count 7)

To prevail on a claim for deceptive trade practices under the Georgia Uniform Deceptive Trade Practices Act, a plaintiff must prove that defendant engaged in conduct that caused or created a likelihood of confusion or misunderstanding. *See* O.C.G.A. §§ 10-1-372(a)(3) and (12). Plaintiff's Complaint alleges facts sufficient to show that Defendants' conduct caused or created a likelihood of confusion or

misunderstanding, which Defendants admitted by defaulting. *See* Complaint ¶¶ 7-38, 53-59. Plaintiff is therefore entitled to judgment on Count 7.

## II.  The Court Should Award a Permanent Injunction

Federal law authorizes injunctive relief as a remedy for trademark infringement, unfair competition, and cybersquatting. *See* 15 U.S.C. § 1116(a). Georgia law also authorizes injunctive relief for trademark infringement, unfair competition, unjust enrichment, and deceptive trade practices. *See* O.C.G.A. § 9-5-1; O.C.G.A. § 9-5-8; O.C.G.A. § 9-11-65; O.C.G.A. § 10-1-373(a); *see also Agape Hospice Care, Inc. v. Hospice Care of Ga., LLC*, No. 1:22-cv-927-VMC, 2022 U.S. Dist. LEXIS 238703, at *9, *35 (N.D. Ga. Nov. 2, 2022) (granting injunction based on common law trademark infringement claim). Indeed, "[i]n 'ordinary trademark infringement actions . . . complete injunctions against the infringing party are the order of the day.'" *Hard Candy, LLC v. Anastasia Beverly Hills, Inc.*, 921 F.3d 1343, 1353 (11th Cir. 2019) (citing *SunAmerica Corp. v. Sun Life Assurance Co. of Can.*, 77 F.3d 1325, 1336 (11th Cir. 1996)).

In deciding whether to issue a permanent injunction, the district court must first consider whether the plaintiff has succeeded on the merits. If so, the court must then consider whether: (1) plaintiff has suffered an irreparable injury; (2) remedies available at law are inadequate to compensate for that injury; (3) the balance of hardships between plaintiff and defendant favor equitable relief; and (4) the public

interest would not be disserved by a permanent injunction. *See, e.g.*, *Angel Flight of Ga., Inc. v. Angel Flight America, Inc.*, 522 F.3d 1200, 1208 (11th Cir. 2008) (citing *eBay Inc. v. MercExchange, LLC*, 547 U.S. 388, 391 (2006)).

The facts here satisfy each of these elements. Plaintiff has succeeded on the merits, *see supra* Part I, and by defaulting, Defendants have admitted that their fraudulent scheme to trade on the goodwill and reputation of Plaintiff and its BuyCrash® mark caused and will cause irreparable injury to Plaintiff and to the public, for which there is no adequate remedy at law, *see* Complaint ¶¶ 14, 32, 38, 59; *see also* 15 U.S.C. § 1116(a) ("A plaintiff seeking any such injunction shall be entitled to a rebuttable presumption of irreparable harm upon a finding of a violation identified in this subsection in the case of a motion for a permanent injunction"). Further, Plaintiff tried to resolve this dispute with Defendants prior to filing suit to no avail. *See* Complaint ¶¶ 29-32. Accordingly, there is no reason to believe that Defendants' infringement will cease absent an injunction.

Moreover, the only hardship to be suffered by Defendants is self-inflicted and minimal—they must cease their fraudulent scheme and obey the law, whereas Plaintiff risks a loss of reputation and sales if a permanent injunction is not granted. *Cf. Safeway Stores, Inc. v. Safeway Properties, Inc.*, 307 F.2d 495, 500 (2d Cir. 1962) ("[I]t is dubious that the grant of the injunction will harm the defendant significantly more than the denial of it would have harmed the plaintiff."). An

injunction also serves the public interest by placing the marks and domain names back in the hands of their rightful owner—the trademark holder. *See Davidoff & CIE, S.A. v. PLD Int'l Corp.*, 263 F.3d 1297, 1304 (11th Cir. 2001) ("[T]he injunction is not adverse to the public interest, because the public interest is served by preventing consumer confusion in the marketplace.").

Accordingly, Plaintiff is entitled to a permanent injunction. Plaintiff has proposed language for a permanent injunction in the proposed final judgment attached to this motion.

## III. The Court Should Award Statutory Damages

Plaintiff is entitled to an award of statutory damages under the Lanham Act for Defendants' cybersquatting (Count 6). *See* 15 U.S.C. § 1117(d). Plaintiff is also entitled to an award of damages, Defendants' profits, costs, and attorneys' fees for Defendants' willful trademark infringement, unfair competition, and deceptive trade practices. *See* 15 U.S.C. § 1117(a); O.C.G.A. § 10-1-373(b).

However, as discussed below, given the particular facts of this case, Plaintiff will waive its request for damages, Defendants' profits, costs, and attorneys' fees if the Court awards the amount requested ($200,000) under 15 U.S.C. § 1117(d). That amount is sufficient to (1) compensate Plaintiff for the fees and expenses incurred in connection with this litigation and its dispute with Defendants, (2) discourage Defendants from their ongoing, willful infringement and cybersquatting, and (3)

deter others from similarly willful infringement and cybersquatting, and will not result in any windfall to Plaintiff.

### A. Statutory Damages for Cybersquatting

For a cybersquatting violation under the Lanham Act, a plaintiff may elect, instead of actual damages and profits, an award of statutory damages not less than $1,000 and not more than $100,000 per domain name. *See* 15 U.S.C. § 1117(d). In assessing statutory damages under § 1117(d), courts have "'wide discretion in determining the amount of statutory damages to be awarded, constrained only by the specified maxima and minima.' The statutory damages are designed to discourage wrongful conduct, as well as to afford restitution and reparation for injury." *B & F Sys. v. Leblanc,* Civil Action No. 7:07-CV-192 (HL), 2012 U.S. Dist. LEXIS 90504, *19 (M.D. Ga. June 29, 2012) (internal citations omitted).

Plaintiff's request is supported by the undisputed facts in its Complaint. Defendants have admitted by defaulting that Plaintiff's marks are strong and valuable, *see* Complaint ¶¶ 10-12, and that they willfully infringed those marks as part of a fraudulent scheme to trade on the goodwill and reputation of Plaintiff and its BuyCrash® mark, *see id.* ¶¶ 14, 22, 41, 58. Defendants have also admitted that they own and operate two domains (freebuycrashreport.com and ln-buycrash.com) identical or confusingly similar to Plaintiff's BuyCrash® mark, which they operate as part of their scheme to deceptively induce Plaintiff's customers into mistakenly

contacting Defendants instead. *See id.* ¶¶ 14-15, 30-32. Additionally, Defendants' failure to defend against Plaintiff's claims has deprived the Court of the opportunity to evaluate the profits reaped by Defendants, as well as Plaintiff's lost revenues.

While awards of statutory damages are not limited to the amount of plaintiff's lost revenues or fees, nor the amount necessary to discourage defendant and deter others, Plaintiff believes on these particular facts that an award of $200,000—combined with the requested permanent injunction—would suffice to satisfy the Lanham Act's purposes. *Cf. Citigroup, Inc. v. Chen Bao Shui*, 611 F. Supp. 2d 507, 513 (E.D. Va. 2009) (granting maximum statutory damages of $100,000, as well as attorneys' fees, where defendant's cybersquatting on one domain was "sufficiently willful, deliberate, and performed in bad faith").

### B. Damages for Trademark Infringement, Unfair Competition, and Deceptive Trade Practices

As noted above, Plaintiff is entitled to an award of damages, Defendants' profits, costs, and attorneys' fees for Defendants' willful trademark infringement, unfair competition, and deceptive trade practices (Counts 1-4, 7). *See* 15 U.S.C. § 1117(a); O.C.G.A. § 10-1-373(b). However, if the Court awards the $200,000 in statutory damages requested under the Lanham Act for cybersquatting, *see supra* Part III.A, Plaintiff will waive its entitlement to damages, profits, costs, and fees for the reasons discussed above.

## CONCLUSION

Plaintiff is entitled to default judgment on each of its claims. It asks the Court to enter the final judgment attached to this motion, along with any other relief the Court deems just and proper.

Respectfully submitted this 25th day of February, 2025.

        **BUCHALTER APC**

        */s/ Seth K. Trimble*
        Seth K. Trimble
        Georgia Bar No. 851055
        Corey Mull
        Georgia Bar No. 595376
        strimble@buchalter.com
        cmull@buchalter.com
        3475 Piedmont Road NE, Suite 1100
        Atlanta, Georgia 30305
        Phone: (404) 832-7530

        **PIRKEY BARBER PLLC**
        Jered E. Matthysse
        *Admitted Pro Hac Vice*
        jmatthysse@pirkeybarber.com
        1801 East 6th Street, Suite 300
        Austin, Texas 78702
        Phone: (512) 482-5200

        *Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| LEXISNEXIS COPLOGIC SOLUTIONS INC., <br><br> Plaintiff, <br><br> v. <br><br> DARNELL RANDALL and RANDALL MARKETING AND PUBLIC RELATIONS LLC, <br><br> Defendants. | Civil Action No. 1:24-cv-01836-MHC <br><br><br> **JURY DEMANDED** |

## CERTIFICATE OF SERVICE

I hereby certify that on this the 25th day of February, 2025, the foregoing was filed with the clerk via the Court's ECF system and served on Defendants via email and Federal Express to:

Darnell Randall
Randall Marketing and Public Relations
1200 Windsor Estates Drive
Marietta, GA 30062
darnell@randallmpr.com

*/s/ Seth K. Trimble*
Seth K. Trimble
strimble@buchalter.com